J-S45034-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRAULIO LEBRON | : | |
| | : | |
| Appellant | : | No. 318 EDA 2020 |

Appeal from the PCRA Order Entered December 19, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008590-2015

BEFORE: BOWES, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                **FILED OCTOBER 26, 2020**

Braulio Lebron (Appellant) appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

A prior panel of this Court summarized the underlying facts as follows:

On August 7, 2015, at about 8:12 p.m., Mr. Robert Hampton entered his residence[.] As he did so, Appellant, who lived a couple of houses away, was standing to the side of Mr. Hampton's residence. Appellant followed Mr. Hampton inside his residence, called him a rapist, and then punched him in the face. Appellant then picked up a stick that was in Mr. Hampton's living-room and struck Mr. Hampton with the stick, which had nails protruding out of it, about three times. During the assault, Appellant also bit Mr. Hampton. Mr. Hampton did not give Appellant permission to enter his residence.

A second person entered Mr. Hampton's residence when he and Appellant entered. The other male, who Mr. Hampton knew by the name Chris, ran from the residence after hitting Mr. Hampton in the face.

Mr. Hampton fought back against Appellant's assault. In doing so, Appellant pulled him to the ground and kicked Mr. Hampton in the ribs three or four times. At or about that time, a friend of Mr. Hampton's named Megan Ross, who was present in the residence when the incident began, tried to break up the fight. It ended when Appellant fled the residence.

Shortly thereafter, the police arrived and Mr. Hampton pointed out and identified Appellant, who was sitting on the steps of his residence. Mr. Hampton went to a nearby hospital, was admitted and spent seven days recuperating from the injuries suffered during the attack, which included broken ribs and a collapsed lung. Appellant was arrested and charged.

*Commonwealth v. Lebron*, 97 EDA 2017, 2018 WL 3133203, at *1 (Pa. Super. June 27, 2018) (unpublished memorandum) (quoting Trial Court Opinion, 4/25/17, at 2-3).

On October 6, 2016, the trial court found Appellant guilty of aggravated assault, possessing an instrument of crime, simple assault, recklessly endangering another person, burglary, and criminal trespass. On December 16, 2016, the trial court sentenced Appellant to an aggregate term of 10 to 20 years of incarceration.

On June 27, 2018, this Court affirmed Appellant's judgment of sentence. *See id.* On December 28, 2018, our Supreme Court denied Appellant's petition for allowance of appeal.

On February 19, 2019, Appellant filed a timely *pro se* PCRA petition in which he alleged, *inter alia*, that Trial Counsel was ineffective for failing to investigate and call Megan Ross (Ross) as a witness at trial. The PCRA court appointed counsel, who filed an amended petition that included a request for

an evidentiary hearing. On December 19, 2019, the PCRA court dismissed Appellant's petition without a hearing. This timely appeal followed.[1]

Appellant presents the following issues for our review:

A. WHETHER THE PCRA COURT ERRED IN NOT GRANTING RELIEF ON THE PCRA PETITION ALLEGING TRIAL COUNSEL WAS INEFFECTIVE?

B. THE PCRA COURT ERRED IN DENYING APPELLANT'S PCRA PETITION WITHOUT AN EVIDENTIARY HEARING ON THE ISSUE RAISED IN THE AMENDED PCRA PETITION.

Appellant's Brief at 8.

We review the denial of PCRA relief by "examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." *Commonwealth v. Busanet*, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." *Id.*

For his first issue, Appellant argues that Trial Counsel was ineffective for failing to investigate and call Ross as a witness at trial. Appellant alleges that Ross would have testified that she invited Appellant into Hampton's residence and that Hampton started the fight with Appellant. Appellant's Brief at 16.

---

[1] The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal or issue an opinion as provided in Pennsylvania Rule of Appellate Procedure 1925, presumably because "the reasons for the order . . . already appear of record." Pa.R.A.P. 1925(a)(1).

With respect to ineffective assistance of counsel claims, our Supreme Court has explained:

> It is well-settled that counsel is presumed to have been effective and that the petitioner bears the burden of proving counsel's alleged ineffectiveness. **Commonwealth v. Cooper**, 941 A.2d 655, 664 (Pa. 2007). To overcome this presumption, a petitioner must establish that: (1) the underlying substantive claim has arguable merit; (2) counsel did not have a reasonable basis for his or her act or omission; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance, "that is, a reasonable probability that but for counsel's act or omission, the outcome of the proceeding would have been different." **Id.** A PCRA petitioner must address each of these prongs on appeal. **See Commonwealth v. Natividad**, 938 A.2d 310, 322 (Pa. 2007) (explaining that "appellants continue to bear the burden of pleading and proving each of the **Pierce** elements on appeal to this Court"). A petitioner's failure to satisfy any prong of this test is fatal to the claim. **Cooper**, 941 A.2d at 664.

**Commonwealth v. Wholaver**, 177 A.3d 136, 144 (Pa. 2018) (citations modified).

Regarding ineffective assistance of counsel claims for the failure to call a witness at trial, this Court has stated:

> When raising a claim of ineffectiveness for the failure to call a potential witness, a petitioner satisfies the performance and prejudice requirements of the [ineffective assistance of counsel] test by establishing that: (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.
>
> Prejudice in this respect requires the petitioner to "show how the uncalled witnesses testimony would have been beneficial under the circumstances of the case." Therefore, the petitioner's burden is to show that testimony provided by the uncalled witnesses "would have been helpful to the defense."

- 4 -

*Commonwealth v. Selenski*, 228 A.3d 8, 16 (Pa. Super. 2020) (citations omitted).

Here, Appellant has failed to meet the ineffectiveness of counsel requirements recited in *Selenski*, *supra*. Our review of the record reveals no evidence indicating that Ross was willing or available to testify at trial on behalf of Appellant. There is no certification in the record that demonstrates Ross was available and willing to testify, or describes the substance of Ross's testimony had she testified. Therefore, because Appellant plainly failed to satisfy the criteria for establishing an ineffectiveness claim for the failure to call a witness, we conclude that Appellant's first issue lacks merit. *See Wholaver*, 177 A.3d at 144; *Selenski*, 228 A.3d at 16.

For his second issue, Appellant argues that the PCRA court erred in dismissing his petition without an evidentiary hearing. We recognize:

> [T]he PCRA court has the discretion to dismiss a petition without
> a hearing when the court is satisfied "that there are no genuine
> issues concerning any material fact, the defendant is not entitled
> to post-conviction collateral relief, and no legitimate purpose
> would be served by any further proceedings." Pa.R.Crim.P.
> 909(B)(2). "[T]o obtain reversal of a PCRA court's decision to
> dismiss a petition without a hearing, an appellant must show that
> he raised a genuine issue of fact which, if resolved in his favor,
> would have entitled him to relief, or that the court otherwise
> abused its discretion in denying a hearing." *Commonwealth v.
> D'Amato*, 856 A.2d 806, 820 (Pa. 2004).

*Commonwealth v. Hanible*, 30 A.3d 426, 452 (Pa. 2011).

Our review discloses that Appellant has failed to assert a genuine issue of material fact, which, if true, would entitle him to relief. Under the PCRA,

- 5 -

"[w]here a petitioner requests an evidentiary hearing, the petition shall include a certification signed by each intended witness stating the witness's name, address, date of birth and substance of testimony and shall include any documents material to that witness's testimony." 42 Pa.C.S.A. § 9545(d)(1)(i). As stated above, Appellant has not produced a certification signed by Ross setting forth any of the aforementioned information. Thus, there is no evidence that Ross was available to testify at trial on behalf of Appellant. Accordingly, the PCRA court properly determined that there was no genuine issue of material fact necessitating an evidentiary hearing.

In sum, Appellant's issues lack merit because Appellant has failed to meet the threshold requirements necessary to raise an issue of material fact and prove prejudice. As the Commonwealth has observed, "[Appellant's] failure to raise a genuine issue of material fact overlaps with and confirms his failure to demonstrate prejudice." Commonwealth Brief at 10, citing *Commonwealth v. Baumhammers*, 92 A.3d 708, 725 (Pa. 2014) ("the underlying-merit and prejudice prongs of the [ineffective assistance of counsel] test logically overlap.").

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/26/20</u>